IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 10-cv-01382-MSK

JOHN PETERS,

        Plaintiff,

v.

BANK OF AMERICA,

        Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND MOTION FOR PRELIMINARY INJUNCTION**
_____

        **THIS MATTER** comes before the Court pursuant to the Plaintiff's *pro se* Motion for Temporary Restraining Order **(# 2)** and Motion for Preliminary Injunction **(# 3)**.

        The Court will not attempt to summarize the Plaintiff's lengthy and somewhat meandering Complaint **(# 1)**. Based on a liberal construction of that pleading, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court ascertains that the Plaintiff is the borrower and the Defendant is the lender on a residential mortgage. The Plaintiff alleges among other things, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* He seeks a variety of remedies, including an order "enjoining [the Defendant] and any successor in interest from foreclosing on the Plaintiff's property," for "rescission of the loan contract," and to quiet title to the property in the Plaintiff's name, among

1

other things.

The Plaintiff has moved for both a temporary restraining order and a preliminary injunction "prevent[ing the Defendant] from foreclosing on the property until and unless defendant prevails in the current litigation." For the reasons stated below, both motions are denied.

To obtain a temporary restraining order under Fed. R. Civ. P. 65(b)(1)(a), a plaintiff must show, via affidavit: (i) that he will suffer immediate and irreparable injury before the defendant can be heard in opposition; and (ii) the efforts he has made to give notice of the request to the opposing party, or to show why notice should be excused.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), a plaintiff must show: (i) a likelihood of success on the merits; (ii) irreparable harm that will result if the injunction is denied; (iii) that the threatened injury outweighs the harm that would result to the opposing party if the motion were granted (*i.e.* that the "balance of the equities" favors the movant); and (iv) that the injunction will not adversely affect the public interest. *Wilderness Workshop v. U.S. Bureau of Land Mgt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

The Court may require a party seeking a temporary restraining order or preliminary injunction to post a bond or otherwise give security "in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Turning first to the Plaintiff's request for a temporary restraining order, the Court finds the request deficient for several reasons. First, the request is not supported by an affidavit. Fed. R. Civ. P. 65(c)(1)(A). The Plaintiff has submitted a "statement" **(# 4)** in support of his request,

but that statement is neither sworn affidavit nor an unsworn declaration made under penalty of perjury. *See* 28 U.S.C. § 1746. The document contains a "verification" page that includes a statement that the affidavit is given under penalty of perjury and a jurat to be completed by a notary, but no portion of the verification page is signed by anyone. Although the Court construes the Plaintiff's *pro se* pleadings liberally, *pro se* status does not excuse him from the obligation to comply with substantive law and procedural rules, and the failure of the Plaintiff to submit a document that could be given legal effect as an affidavit is fatal to his request for a temporary restraining order under Rule 65(c)(1)(A).

Moreover, even if the Court were to overlook the absence of an affidavit, it is apparent that the Plaintiff has failed to make both of the substantive showings required to obtain a temporary restraining order. He has failed to show a threat of irreparable harm that is likely to occur before the Defendant could be heard in response to a motion for injunctive relief. The Plaintiff makes occasional references to the Defendant "foreclosing" on the property, but there is no indication that foreclosure proceedings have even been commenced, much less that a foreclosure sale is imminent and will occur before the Defendant can be heard in opposition. Accordingly, the Plaintiff has failed to carry his burden of showing an imminent injury under Fed. R. Civ. P. 65(c)(1)(A). In addition, he has failed to make any showing under Fed. R. Civ. P. 65(c)(1)(B) as to the attempts he made to give notice to the Defendant of this proceeding and his request for emergency injunctive relief, nor has he shown circumstances suggesting that such notice should be excused. Accordingly, because he has failed to make any of the showings required by Fed. R. Civ. P. 65(c), the motion for a temporary restraining order is denied.

The Court also denies, as facially deficient, the Plaintiff's motion for a preliminary

injunction. For the same reasons stated above, the Plaintiff has not made even a facial showing of an imminent, irreparable injury. Without a showing that foreclosure proceedings have been commenced and that a foreclosure sale has been scheduled, the Plaintiff has not, and cannot, show an imminent injury sufficient to support preliminary injunctive relief.

Moreover, the Court finds that the Plaintiff's proposed preliminary injunction is facially deficient on other grounds as well, most notably, the requirement that the injury to be prevented outweigh the harm to the Defendant from granting the injunction and the requirement that the Plaintiff be prepared to post a bond in an amount to be set by the Court. The Plaintiff apparently concedes that he entered into a mortgage with the Defendant, *Docket* # 1 at 1, and implicitly concedes that that loan is now in default, thus giving rise to the contractual remedy of foreclosure. Thus, the only way the Plaintiff can escape the inevitable consequence of having defaulted on the mortgage is to have the entire agreement rescinded in its entirety.

A limited rescisionary remedy is available under some statutes invoked by the Plaintiff (although there is some reason to doubt whether such a remedy might be available to the Plaintiff in this case). *See e.g.* 15 U.S.C. § 1635 (rescission available under TILA but not applicable to residential mortgage transactions or refinances thereof, and may be exercised only within 3 years of the transaction). However, a borrower seeking to invoke the right to rescind a transaction under TILA is also required to tender back to the lender the property the borrower received as part of the transaction. 15 U.S.C. § 1635(b). In other words, if the Plaintiff wishes to undo the mortgage transaction at issue in this case, he must be prepared to immediately pay back the principal of the loan that he received upon entering into the transaction. Indeed, were the Court inclined to grant a preliminary injunction to the Plaintiff to halt any threatened foreclosure, it

4

would require the Plaintiff to make a showing of an ability to promptly tender back the funds received in the transaction before the Court would conclude that the Plaintiff had satisfied the element requiring the "balancing of the equities" element. The Plaintiff's motion for preliminary injunction gives no indication that the Plaintiff is prepared to tender back the mortgage funds if an injunction were to be granted, and thus, the Court finds that he has failed to make a *prima facie* showing of the balancing of the equities element.

In a related light, the Court would also condition the granting of a preliminary injunction preventing foreclosure on the Plaintiff giving security that would adequately protect the Defendant from suffering any economic losses or damages should this case ultimately be resolved in the Defendant's favor. At a minimum, such security would be in an amount equal to the income that the Defendant would receive from the Plaintiff's compliance with the terms of the mortgage or the amount of income the Defendant would receive from investing the proceeds of the sale of the property were it to be foreclosed upon. The Plaintiff's preliminary injunction motion does not express a willingness to post security were an injunction to be granted, much less demonstrate the Plaintiff's ability to post a bond in the amounts discussed above. For this reason as well, the Court finds the Plaintiff's preliminary injunction motion facially deficient.

Accordingly, the Plaintiff's motions for a temporary restraining order and for a preliminary injunction **(# 2, 3)** are **DENIED**.

Dated this 2d day of July, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge