**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01382-WJM-MJW

JOHN PETERS,

      Plaintiff,

v.

BANK OF AMERICA,

      Defendant.

---

**ORDER GRANTING MOTION TO DISMISS**

---

This matter is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (ECF No. 19) filed on August 13, 2010. The deadline for Plaintiff to respond to this Motion to Dismiss expired on September 3, 2010. *See* D.C.COLO.LCivR 7.1C. ("The responding party shall have 21 days after the date of service of a motion . . . in which to file a response."); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."). To date, Plaintiff has not filed a response to this Motion to Dismiss.

Because Plaintiff is proceeding *pro se*, the Court has given him multiple opportunities to comply with its orders and prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and it must recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110. For reasons

provided below, because Plaintiff has confessed the motion by his failure to respond at all to same, the Court GRANTS Defendant's Motion to Dismiss without prejudice pursuant to Fed. R. Civ. P. 41(b).

## I. SUMMARY OF THE CASE

In 2007, Plaintiff took out a $1,440,000.00 refinance loan with Defendant. (ECF No. 19 at 1.) When the economy hit a down-turn, Plaintiff could no longer afford the loan payments and went into default on the loan. (*Id.* at 4.) Plaintiff's home, used to secure the loan, was foreclosed on July 7, 2010 and the court approved sale of the home on July 26, 2010. (*Id.*) Plaintiff, who is proceeding *pro se*, filed an Original Petition and Petition for Restraining Order (ECF No. 1), a Motion for Temporary Restraining Order (ECF No. 2), and a Motion for Preliminary Injunction (ECF No. 3) against Bank of America on June 6, 2010, in an effort to postpone the court-ordered sale of his home. Judge Marcia S. Krieger denied the Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (ECF No. 6.)

On July 28, 2010, Defendant filed a Motion to Extend Time to Respond to Complaint (ECF No. 11). Shortly thereafter, Plaintiff filed a Motion for Entry of Default noting that "[t]he court clerk may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit." (ECF No. 13 at 2 (citing Fed. R. Civ. P. 55(a); *see United States v. $23,000 in U.S. Currency*, 336 F.3d 157, 163 (1st Cir. 2004); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994).) Defendant's motion for an extension was granted by Magistrate Judge Michael J. Watanabe (ECF No. 14) and the clerk made a docket entry noting that default would not be entered (ECF No. 15).

Defendant filed this Motion to Dismiss (ECF No. 19) on August 13, 2010. Plaintiff did not respond to the motion by the deadline of September 3, 2010, and to date no document in response to said Motion has been received by the Court from Plaintiff.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.

1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  ANALYSIS

To survive Defendant's Motion to Dismiss, Plaintiff must "plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support [his] allegations." *Shero*, 510 F.3d at 1200 (citation omitted). However, given Plaintiff's failure to prosecute his case in not responding to Defendant's Motion to Dismiss (ECF No. 19), the Court considers whether the case should be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute).

In *Ehrenhaus v. Reynolds*, the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the

party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A. Prejudice to Defendant

After carefully reviewing the case file, the Court finds that Plaintiff's neglect of this case has prejudiced the Defendant. Defendant has expended time and resources to prepare the Motion to Dismiss (ECF No. 19). It would further waste Defendant's time and resources to require it to continue to defend this action when it appears that Plaintiff has confessed the motion. While the prejudice to Defendant thus far has not been egregious, were the case to proceed as presently postured, Defendant would be required to incur additional expense to comply with Court orders and to reply to any responses filed by Plaintiff.

### B. Interference with the Judicial Process

The Court finds that Plaintiff's failure to prosecute his case necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to respond to the Motion to Dismiss (ECF No. 19) and Plaintiff's tendered First Amended Complaint (ECF No. 38) without first seeking leave to file same pursuant to Fed. R. Civ. P. 15(a)(2) evidences a lack of respect for the Court and the judicial process. Further, Plaintiff's actions increase the workload of the Court and take

its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.

### C. Culpability of Plaintiff

Plaintiff has failed to prosecute his case. Specifically, Plaintiff has failed to respond to Defendant's Motion to Dismiss (ECF No. 19). He has not provided any justification for his failure to respond to the pending Motion. Further, he fails to follow Court procedure in filing an amended complaint. (ECF No. 37, 38.) From this history, the Court concludes that Plaintiff's litigation failures are willful. Moreover, the claims asserted in Plaintiff's complaint (ECF No. 1) and Plaintiff's First Amended Complaint (ECF No. 37, 38) fail to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Fed. R. Civ. P. 8(a). Plaintiff's filings appear to be pulled from another source and not tailored to fit his particular circumstances.

### D. Advance Notice of Sanction of Dismissal

In filing his own Motion for Entry of Default (ECF No. 13), Plaintiff has evidenced that he is aware of the rules of this Court regarding timely response to motions. Accordingly, it should be no surprise to Plaintiff that his failure to prosecute his case could result in the sanction of dismissal.

### E. Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that

(A) Defendant's Motion to Dismiss (ECF No. 19) is GRANTED without prejudice, pursuant to Fed. R. Civ. P. 41(b);

      (B)  Leave is GRANTED to Plaintiff to file an amended complaint that complies with Fed. R. Civ. P. 8(a) on or before Monday, April 4, 2011; and

      (C)  Plaintiff's Tendered First Amended Complaint (ECF No. 38) be STRICKEN for failure to seek leave to file same pursuant to Fed. R. Civ. P. 15(a)(2).

Dated this 21st day of March, 2011.

BY THE COURT:

s/ *William J. Martínez*
United States District Judge